IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABRAHAM RAMEY,<br>AIS 160238,<br><br>    Plaintiff,<br><br>v.<br><br>LT. LEWIS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:23-CV-611-ECM-KFP<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff Abraham Ramey, an inmate at the Kilby Correctional Facility in Mt. Meigs, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. He files suit against two officers at Kilby challenging matters associated with an institutional grooming regulation. Ramey does not make any specific request for relief. Doc. 1 at 4–5. Ramey also moves to proceed in forma pauperis under 28 U.S.C. § 1915(a). Doc. 2. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Ramey's motion (Doc. 2) be DENIED and that his Complaint (Doc. 1) be DISMISSED without prejudice.

**II.  DISCUSSION**

Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not under "imminent danger" of serious physical injury "must pay the filing fee at the time he *initiates* suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original). The Eleventh Circuit has held that a district court should dismiss a prisoner's complaint without prejudice when the court "denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Id*.

Ramey has filed numerous civil actions in the federal courts of Alabama.[1] Court records establish that Ramey, while incarcerated or detained, was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) in three or more cases or appeals that were dismissed as frivolous or malicious or for failing to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) or 28 U.S.C. § 1915A(b)(1).[2] *See*, e.g., *Ramey v. Hightower*, Case No. 2:00-CV-911-ID-VMP (M.D. Ala. 2000); (2) *Ramey v. Money*, Case No. 2:00-CV-1475-MHT-VPM (M.D. Ala. 2000); (3) *Ramey v. Riley*, Case No. 2:03-CV-565-JHH-PWG (N.D. Ala. 2005); and (4) *Ramey v. Barner*, Case No. 4:03-CV-801-WMA-PWG (N.D. Ala. 2004). This Court concludes these summary dismissals place Ramey in violation of 28 U.S.C. § 1915(g).

---

[1] *Available at* https://pacer.login.uscourts.gov.

[2] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

As Ramey has three strikes, he may not proceed in forma pauperis in this case unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770–771 (11th Cir. 2018) (explaining that facts must not be asserted in a vague or conclusory manner and must show that the inmate-plaintiff was in imminent danger of serious physical injury at the time he filed his complaint). "General allegations . . . not grounded in specific facts . . . indicat[ing] that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Upon review of Ramey's Complaint, the Court finds his allegations fail to demonstrate he was "under imminent danger of serious physical injury" when he filed the instant action, as is required to meet the exception to application of 28 U.S.C. § 1915(g). Consequently, Ramey's motion to proceed in forma pauperis is due to be denied under 1915(g), and his Complaint is due to be dismissed without prejudice.

### III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS as follows:

1. Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice.

3. This case be DISMISSED prior to service of process.

Further, it is ORDERED that by **November 21, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 7th day of November, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE